**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4154**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

            v.

TITUS COSTON,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Richard E. Myers, II, Chief District Judge.  (7:23-cr-00067-M-KS-1)

_____

Submitted:  October 14, 2025                    Decided:  November 14, 2025

_____

Before QUATTLEBAUM, Circuit Judge, and TRAXLER and KEENAN, Senior Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Titus Coston appeals the 115-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He asserts that his sentence is procedurally unreasonable because the district court erred when calculating his Sentencing Guidelines range. We affirm.

In calculating Coston's Guidelines range, the district court established a base offense level of 26 because, inter alia, "the offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine." U.S. Sentencing Guidelines Manual § 2K2.1(a)(1) (2023). Coston's total offense level of 23 and criminal history category of VI yielded a Guidelines range of 92 to 115 months' imprisonment. Coston did not object to the court's Guidelines calculation. After the parties argued for an appropriate sentence and Coston allocuted, the district court imposed a 115-month sentence.

Several days later, Coston filed a Fed. R. Crim. P. 35(a) motion, advising the district court that upon further inquiry, he had learned that the extended magazine he possessed did not satisfy the Guidelines commentary's definition of a "large capacity magazine." He therefore asserted that his base offense level should have been 24, rather than 26. He asked the court to enter an amended judgment reflecting the "[G]uidelines range that would properly have applied but for the aforementioned mistake." (J.A. 68).[*] The Government conceded the error but contended it was harmless in light of the alternative variant sentence announced by the district court at sentencing. The district court denied the motion.

---

[*] "J.A." refers to the joint appendix filed by the parties in this appeal.

2

On appeal, Coston argues that the district court's error in applying a base offense level of 26, rather than 24, when calculating his Guidelines range requires this court to vacate and remand for resentencing. As the parties agree, because Coston did not object to his base offense level in the district court, we review this issue for plain error only. *United States v. Lynn*, 592 F.3d 572, 577 (4th Cir. 2010). "To establish plain error, [Coston] must show that an error (1) was made, (2) is plain (i.e., clear or obvious), and (3) affects substantial rights." *Id.* If he makes this showing, we will exercise our discretion "to correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (citation modified). "Relief on plain error review is difficult to get, as it should be." *United States v. Carthorne*, 726 F.3d 503, 510 (4th Cir. 2013) (citation modified).

The Government does not contest the first two prongs of the plain-error analysis, but it asserts that the error did not affect Coston's substantial rights because the district court repeatedly advised that, if it had miscalculated the Guidelines range, it would impose the same 115-month sentence as an alternative variance. We agree.

"An error affects a defendant's substantial rights if the error affected the outcome of the district court proceedings." *United States v. Hargrove*, 625 F.3d 170, 184 (4th Cir. 2010) (citation modified). "To satisfy this requirement in the sentencing context, the defendant must show that he would have received a lower sentence had the error not occurred." *Id.* at 184-85 (citation modified). "We have recognized that a Guidelines error is harmless and does not warrant vacating the defendant's sentence if the record shows that (1) the district court would have reached the same result even if it had decided the

3

Guidelines issue the other way, and (2) the sentence would be reasonable even if the Guidelines issue had been decided in the defendant's favor." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019) (citation modified).

First, the record amply shows that the district court would have reached the same result even if it had applied the lower base offense level. After the court announced its 115-month sentence, it explicitly stated that it "would impose the same sentence as an alternative variant sentence in light of all the Section 3553(a) factors that [the court had] discussed. This is the sentence sufficient but not greater than necessary in this case." (J.A. 55-56). The court reiterated this fact in its written statement of reasons. And when denying Coston's Rule 35(a) motion, the court again referenced its alternative variance, cited caselaw concerning harmless error, and reaffirmed its belief that "the sentence previously imposed was then, and remains today, sufficient but not greater than necessary in this case." (J.A. 82 (citation modified)). "This expression of the sentencing court's views suffices to establish that the court would have imposed the same sentence even had it resolved the [unpreserved] challenged Guidelines calculation in the defendant's favor." *Mills*, 917 F.3d at 331 (citation modified).

Turning to the second prong, without the increased base offense level, Coston's Guidelines range would have been 77 to 96 months. *See* USSG §§ 2K2.1(a)(2); 3E1.1; *see also* USSG ch. 5, pt. A (sentencing table). His 115-month sentence thus constitutes a 19-month upward variance from the Guidelines range that the parties now agree should have applied. "We will generally find a variance sentence reasonable when the reasons justifying the variance are tied to § 3553(a) and are plausible." *United States v. Provance*,

4

944 F.3d 213, 219 (4th Cir. 2019) (citation modified). "When the variance is a substantial one . . . we must more carefully scrutinize the reasoning offered by the district court in support of the sentence. And the farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be." *Id.* at 219-20 (citation modified, discussing "two-thirds reduction from the bottom of the advisory guideline range"). Still, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007).

In light of the district court's extensive engagement with the parties' arguments and its detailed explanation of its sentence, we conclude that the court thoroughly justified a 19-month upward variance. The court engaged with each mitigation argument Coston proffered, ordered all his requested treatment and evaluations, and explained that it credited Coston's allocution statement that he intended to work hard to be able to return home to his sons. The court confirmed with defense counsel that it addressed all of Coston's mitigation arguments.

In explaining its chosen sentence, the district court repeatedly expressed concern with the need to protect the public in light of Coston's extensive, violent criminal history, and his continued possession and use of firearms. The court stated that—contrary to Coston's request for a downward variance—it seriously had considered an upward variance to 130 months. But the court ultimately found that balancing the § 3553(a) factors in light of all the parties' arguments warranted a 115-month sentence. The court's explanation amply demonstrates that it thoughtfully weighed the § 3553(a) factors and determined that,

5

even if the court had miscalculated the advisory Guidelines range, the 115-month sentence imposed was "sufficient, but not greater than necessary," to satisfy the goals of sentencing, *see* 18 U.S.C. § 3553(a).

Because the Guidelines calculation error was harmless, Coston has not established that the plain error in this case affected his substantial rights. Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*